UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARLINO BEYJIN<br>2400 Orange Avenue, Box 5429<br>Cleveland, OH  44101<br><br>*On Behalf of Himself and All Others Similarly Situated,*<br><br>    Plaintiff,<br><br>v.<br><br>NATIONS LENDING CORPORATION<br>c/o National Registered Agents, Inc.<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>    Defendant. | CASE NO. 1:23-cv-1775<br><br>JUDGE:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Arlino Beyjin, by and through undersigned counsel, and for his Complaint against Defendant Nations Lending Corporation, states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of misclassifying Plaintiff and other similarly situated employees as "exempt" and failing to pay them wages for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  Plaintiff also brings this action as a "class action" pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. 4111.03 and 4111.10.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant 28 U.S.C. § 1331, as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

4. The Court has personal jurisdiction over Defendant because its principal place of business is in Ohio.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and Division, conducts business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

6. At all material times, Plaintiff is and was a citizen of the United States and a resident of Cuyahoga County, Ohio.

7. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio R.C. 4111.03(D)(3).

8. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

9. At all material times, Defendant is and was a corporation for profit with a headquarters and principal place of business located at: 4 Summit Park Drive, Suite 200 Independence, Ohio 44131.

10. At all material times, Defendant is and was an employer within the meaning of 29 U.S.C. § 203(d) and Ohio R.C. 4111.03(D)(2).

11. At all material times, Defendant is and was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all material times, Defendant is and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

14. Plaintiff's written consent to this action is attached hereto as Exhibit A.

15. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

### (Failure to Pay Overtime Compensation)

16. Defendant, a national direct mortgage lender and servicer, employs Loan Originators, who gather information from loan applicants and submit mortgage loan applications for processors and underwriters to review.

17. Plaintiff was employed by Defendant as a Loan Originator in Cuyahoga County, Ohio, from approximately August 2022 to December 2022.

18. Plaintiff and other Loan Originators had the same and/or substantially similar job duties and responsibilities and were subjected to the same policies and procedures during their employment with Defendant.

19. Plaintiff and other Loan Originators were paid an hourly rate.

20. Plaintiff and other Loan Originators were non-exempt employees.

21. Plaintiff and other similarly situated Loan Originators did not engage in management, did not direct the work of any employees, and did not have any authority to hire, fire, or promote employees.

22. Plaintiff and other similarly situated Loan Originators did not perform work directly related to the management or general business operations of Defendant, and did not exercise discretion or independent judgment with respect to matters of significance.

23. Instead, the primary duty of Plaintiff and other similarly situated Loan Originators was/is to gather and information from loan applicants for processing and underwriting.

24. Plaintiff and other Loan Originators regularly worked more than 40 hours per work week.

25. Plaintiff estimates that, on average, he worked approximately 50 hours or more per workweek throughout his employment with Defendant as a Loan Originator.

26. Defendant did not compensate Plaintiff and other similarly situated Loan Originators at a rate of one and one-half times their regular rate of pay for the hours they worked in excess of 40 per workweek as required by the FLSA and the OMFWSA.

**(Failure to Keep Accurate Records)**

27. Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated Loan Originators.

**(Defendant Willfully Violated the FLSA)**

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

30. The group which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former Loan Originators employed by Nations Lending Corporation in the United States at any time between three (3) years prior to the filing of this suit and the present ("FLSA Class").

31. Plaintiff is unable, at this time, to state the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former Account Executives are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

33. Plaintiff is similarly situated to all former and current Loan Originators described in the above class as he and the class held the same position, had the same primary job duties and/or responsibilities, were misclassified as "exempt" employees, regularly worked over 40 hours in a workweek, were not paid overtime compensation for the hours they worked over 40 in a workweek, and were subjected to the same pay practices, policies, and procedures.

34. Plaintiff has firsthand knowledge that other similarly situated current and former Loan Originators of Defendant held the same position, had the same primary job duties and/or responsibilities, were misclassified as "exempt" employees, were not paid overtime compensation for the hours they worked over 40 in a workweek, and were subjected to the same pay practices, policies, and procedures.

35. The similarly situated current and former Loan Originators are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

36. Although the exact amount of damages may vary among the similarly situated employees in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## OHIO CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf himself and all other members of the class defined as:

> All current and former Loan Originators employed by Nations Lending Corporation in Ohio at any time between 3 years prior to the filing of this suit and the present. ("Ohio Class")

38. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that the class consist of more than 100 persons.

39. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

      a. Whether Defendant failed to pay overtime compensation to its Loan Originators for hours worked in excess of 40 each workweek; and

      b. What amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendant's violations of Ohio R.C. 4111.03 and 4111.10.

40.    The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other Ohio Class members.

41.    The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

42.    The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the classes as a whole and predominate over any questions affecting only individual class members.

43.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (Violations of Fair Labor Standards Act)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R.§ 785.24.

46. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

47. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

48. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violates the FLSA, 29 C.F.R. 516.2(a)(7).

49. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

50. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

### (Violations of the Ohio Minimum Fair Wage Standards Act)

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. This count arises from Defendant's violation of the OMFWSA, Ohio R.C. 4111.03 and 4111.10 for its failure to pay Plaintiff and the Ohio Class their earned overtime wages.

53. Defendant's failure to pay Plaintiff and similarly situated employees for all hours worked violated the overtime provisions of the OMFWSA.

54. Defendant's practice and policy of failing to pay Plaintiff and other similarly situated Loan Originators overtime compensation at the rate of one and one-half their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA.

55. By failing to pay Plaintiff and other similarly situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

56. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

    a. Issue an order permitting this litigation to proceed as a collective action;

    b. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    c. Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

    d.   Award Plaintiff and the classes he represents actual damages for unpaid wages;

    e.   Award Plaintiff and the classes he represents statutory liquidated damages;

    f.   Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

    g.   Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

    h.   Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

## JURY DEMAND

58. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

Respectfully submitted,

/s/ *Matthew S. Grimsley*
Matthew S. Grimsley (OH 0092942)
Anthony J. Lazzaro (OH 0077962)
Lori M. Griffin (OH 0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, OH 44022
Telephone: (216) 696-5000
Facsimile: (216) 696-7005
anthony@lazzarolawfirm.com
matthew@lazzarolawfirm.com
lori@lazzarolawfirm.com

Attorneys for Plaintiff